IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUBEN MALDONADO : | |
| : | |
| : | NO.: 10-2630 - JHS |
| : | |
| v.  : | JURY TRIAL |
| : | DEMANDED |
| : | |
| GEORGE W. HILL CORRECTIONAL FACILITY, et al.  : | |

### NOTICE OF MOTION

**TO:**  Matthew Weisberg, Esquire
**Weisberg Law, P.C.**
7 Morton Avenue
Morton, PA 19070

    You are hereby notified on this 13th day of July, 2010, that the attached **Motion to Dismiss Plaintiff's Complaint** is being filed with the Court.  According to Local Rule 7.1.(c), if you wish to oppose said Motion, you must serve a Brief in Opposition, together with such Answer or other response, within fourteen (14) days after service of the enclosed Motion.  In the absence of a timely response, the Motion may be treated as uncontested.

    Respectfully submitted:

    **DiORIO & SERENI, LLP**

**By:**      <u>     RMD 2563         </u>
    **ROBERT M. DIORIO**
    I.D. No.: 17838

    <u>     KM   1316         </u>
    **KATHLEEN E. MAHONEY**
    I.D. No. 77873
    Front & Plum Streets
    P.O. Box 1789
    Media, PA 19063
    (610) 565-5700

**Dated: July 13, 2010**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUBEN MALDONADO** | : | |
| | : | |
| | : | NO.: 10-2630 - JHS |
| | : | |
| v. | : | **JURY TRIAL** |
| | : | **DEMANDED** |
| | : | |
| **GEORGE W. HILL CORRECTIONAL FACILITY, et al.** | : | |

### ORDER

**AND NOW**, this          day of                         , 2010, upon consideration of Defendants', Motion to Dismiss Plaintiff's Complaint, and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

BY THE COURT:

_____
**SLOMSKY, JOEL H.,    J.**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RUBEN MALDONADO** | : | |
| | : | |
| | : | NO.: 10-2630 - JHS |
| | : | |
| v. | : | JURY TRIAL |
| | : | DEMANDED |
| | : | |
| **GEORGE W. HILL CORRECTIONAL FACILITY, et al.** | : | |

**DEFENDANTS' "GEORGE W. HILL CORRECTIONAL FACILITY," COMMUNITY EDUCATION CENTERS, INC. AND MATTHEW TALLY'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

    **AND NOW**, comes the Defendants, "George W. Hill Correctional Facility," Community Education Centers, Inc. and Matthew Tally, by and through their attorneys, Robert M. DiOrio, Esquire and Kathleen E. Mahoney, Esquire, hereby filing the within Motion to Dismiss Plaintiff's Complaint, and in support thereof avers as follows:

    1. Plaintiff, has filed the instant action pursuant to 42 U.S.C.A. §1983 in connection with his incarceration at the George W. Hill Correctional Facility, formerly known as "Delaware County Prison." A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

    2. Specifically, Plaintiff alleges that he was subjected to the excessive use of force by individual Defendants Tally, Lombardo and Gillespie during an alleged altercation which occurred on May 3, 2009. *See, ¶¶ 14 - 35 of Exhibit "A."*

    3. For the reasons stated more fully in the accompanying Memorandum of Law, and briefly set forth herein, Defendants Motion Dismiss should be granted:

      A.      Defendant "George W. Hill Correctional Facility" is not a legal entity amenable to suit; (F.R.C.P. 12(b)(6))

      B.      Plaintiff has not effected proper service of original process on Defendant, Matthew Talley; (F.R.C.P. 12(b)(1)) and

      C.      Count II of Plaintiff's Complaint should be stricken as insufficiently specific to satisfy the pleading requirements of F.R.C.P. 8(e)  (F.R.C.P. 12(e)).

4.    Accordingly, Defendant respectfully seeks relief in the form of dismissal with prejudice, or, in the alternative, such relief as this Court may deem appropriate.

**WHEREFORE**, the moving Defendants, respectfully requests this Honorable Court grant the within Motion and enter an Order in the form attached.

Respectfully submitted:

**DiORIO & SERENI   LLP**

By:      **RMD   2563**
        **ROBERT M. DIORIO**
        I.D. No.: 17838
        **KM 1316**
        **KATHLEEN E. MAHONEY**
        I.D. No. 77873
        Front & Plum Streets
        P.O. Box 1789
        Media, PA 19063
        (610) 565-5700

**Date:  July 13, 2010**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RUBEN MALDONADO** | : | |
| | : | |
| | : | **NO.: 10-2630 - JHS** |
| | : | |
| v. | : | **JURY TRIAL** |
| | : | **DEMANDED** |
| | : | |
| **GEORGE W. HILL CORRECTIONAL FACILITY, et al.** | : | |

**DEFENDANTS, "GEORGE W. HILL CORRECTIONAL FACILITY,"COMMUNITY EDUCATION CENTERS, INC. AND MATTHEW TALLEY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, "George W. Hill Correctional Facility," Community Education Centers, Inc. and Matthew Tally refer to the averments and/or law contained within the attached Motion to Dismiss in support thereof and incorporates same by reference as if set forth at length herein.

**I ARGUMENT**

    **A. Defendant, George W. Hill Correctional Facility, should be dismissed pursuant to F.R.C.P. 12(b)(6) inasmuch as it is not a legal entity amenable to suit.**

        *1. Legal Standard for Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6):*

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must take all allegations contained within the Complaint as true and construe them in a light most favorable to the Plaintiff. *H.J., Inc. v. Northwestern Bell, Tel. Co.*, 492 U.S. 229, 249, 109 S.Ct. 2893, 2906, 106 L.Ed. 2d 195 (1989); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3rd Cir. 1989). However, a court may dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed. 2d 59 (1984); see also *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed. 2d 80 (1957); *Frazier v. Southwestern*

*Pennsylvania Transportation Authority*, 785 F. 2d 65, 66 (3d Cir. 1986). Further, a court need not credit a complaint's "bald assertions" or "legal conclusions". *Pennsylvania v. Rand Financial Corporation*, 2000 W.L. 1521589 (October 3, 2000)(quoting *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997)).

        2.    *Legal argument in support of Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6):*

In the Third Circuit, it is well-settled that a prison or a correctional facility is not a "person" that is subject to suit under federal civil rights laws. *See Amaro v. Montgomery County*, No. 06-3131, 2008 WL 4148610, at *4 (E.D. Pa. Sept. 8, 2000) (noting that the Montgomery County Correctional Facility was not a "person" for purposes of § 1983); *Ramalho v. Montgomery County Corr. Facility*, No. 06-2036, 2007 WL 1810700, at * 1 (E.D. Pa. June 21, 2007) (dismissing county jail since "for purposes of the §1983 claim "it was not a 'person' amenable to suit."); *Meyers v. Schuylkill County Prison*, No. 04-1123, 2006 WL 559467, at * 8 (M.D. Pa. Mar. 7, 2006) (holding that a county prison is not a "person" within the meaning of § 1983; *Jackson v. Pennsylvania*, No. 08-1297, 2008 WL 4279544, at *1 (M.D. Pa. September 11, 2008); *Kelly v. York County Prison*, No. 08-1813, 2008 WL 4601797, at *2 (M.D. Pa. Oct. 15, 2008) (noting that a "prison or correctional facility is not a person within the meaning of § 1983" and "the York County Prison is clearly not a person and may not be sued under §1983."); *Sponsler v. Berks County Prison*, No. 95-1136, 1995 WL 92370 ,at * 1 (E.D. Pa. Feb. 28, 1995) ("A prison is not a 'person' subject to suit under civil rights laws."); *Dixon v. Montgomery County Correctional Facility,* No. 89-0972, 1989 WL 14073, at *1 (E.D. Pa. Feb. 21, 1989) (dismissing complaint against correctional facility since "[a] prison is not a 'person' for purposes of §1983"); *Wiggins v. Montgomery County Correctional Facility*, No. 87-6992, 1987 WL 14721

at * 1 (E.D. Pa. Nov. 16, 1987) ("[T]he Montgomery County Correctional Facility is not a person under § 1983."); *Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (E.D. Pa. 1976) ("Defendants assert that Chester County Farms Prison is not a 'person' subject to suit under federal civil rights law. I agree."); *see also Adams v. Hunsberger*, 262 Fed.Appx. 478, 481 (3d Cir. 2008) (unpublished opinion) ("The District Court properly concluded that [the plaintiff's] claims against the Pennsylvania Department of Corrections were barred, as it is not a 'person' within the meaning of 42 U.S.C. §1983."); *Phippen v. Nish*, 223 Fed. Appx. 191, 192 (3d. Cir. 2007) (unpublished opinion) (noting same with respect to State Correctional Institution); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating "it is well established in the Third Circuit that a prison is not a 'person' subject to suit under federal civil rights laws."); *Fisher v. Cahill*, 474 F.2d 991 (3d Cir. 1973) (New Jersey prison medical department held not a 'person' under § 1983).

Based upon these line of cases, courts in this District have held that the Delaware County Prison, a/k/a George W. Hill Correctional Facility, is not a legal entity that is amenable to suit. *See, Regan v. Upper Darby Township,* No. 06-1686 9 (E.D. Pa. Mar. 11, 2009) (holding that Delaware County Prison is not a legal entity amenable to suit); *Ignudo v. McPhearson*, No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. Jun. 10, 2004) ("[Plaintiff] also names as a Defendant the George W. Hill Correctional Facility. The George W. Hill Correctional Facility is not a legal entity susceptible to suit."); *Jenkins v. Del. County Prison*, No. 91-7071, 1992 WL 59130 at * 1 (E.D. Pa. Mar. 20, 1992) ("Delaware County Prison is not a person under section 1983 and must therefore be dismissed."); *Day v. Del. County Prison*, No. 91-6935, 1991 WL 240609, at *1 (E.D. Pa. Nov. 12, 1991) (dismissing complaint where "[t]he only defendant named in the action

is Delaware County Prison [and] Delaware County Prison is not a 'person' as that term is used in section 1983.").

Accordingly, it is clear that the claims against Defendant, "George W. Hill Correctional Facility" must be dismissed.

### B. Defendant, Matthew Talley, should be dismissed pursuant to F.R.C.P. 12(b)(5) inasmuch as Plaintiff has failed to effect proper service of original process

*1.  Legal Standard for Motion to Dismiss Pursuant to F.R.C.P. 12(b)(5):*

Federal Rule of Civil Procedure 12(b)(5) provides in pertinent part:

> Every defense, in law or fact to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may be at the option of the pleader made by motion...(5) sufficiency of service of process...

District Courts are empowered under F.R.C.P. 12(b)(5) to dismiss civil actions for insufficiency of service of process. A motion authorized under Rule 12(b)(5) permits a defendant to challenge any departure from the procedure for serving him with the summons and complaint for purposes of giving notice of the action's commencement. *Reed v. Weeks Marine, Inc.*, 166 F.Supp.2d 1052 (E.D. Pa. 2001). Under these provisions, a defendant may object to the plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Federal Rule of Civil Procedure 4. *Id.* In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an object to service is made. *Id.*, citing, *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488-489 (3d Cir. 1993).

Pursuant to F.R.C.P. 4(e), service of the Summons and Complaint may be made as

follows:

> **(e)** **Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1)   Pursuant to the law of the state in which the district court is located or in which services is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2)   by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at he individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.
>
> **Pursuant to Pa.R.Civ.Pro. 402, original process may be served**
>
> (1) by handing a copy to the defendant; or
>
> (2) by handing a copy
>
>> (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge os such residence; or

>> (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
>
> (iii) at any office or ususal place of business of the defendant to his agent or to the person for the time being in charge thereof.

2.   *Legal argument in support of Motion to Dismiss Pursuant to 12(b)(5):*

Service on Defendant Tally was attempted by Ryan Marks on June 22, 2010, when he delivered a copy of the Summons and Complaint to the George W. Hill Correctional Facility and handed them to the Warden's Executive Assistant, Catherine Dixon.  Although this is generally proper under Pa.R.Civ.Pro. 402(2)(iii), Ms. Dixon accepted the Summons and Complaint under the mistaken belief that Defendant Tally was currently employed at the George W. Hill Correctional Facility as of June 22, 2010, when, in fact, he had not been employed at the GWHCF for some time.[1]  Therefore, Ms. Dixon was not authorized to accept service on behalf of Defendant Talley, and at present, upon information and belief, Defendant Tally has not been made aware of the existence of this lawsuit.

Accordingly, the claims against Defendant Matthew Talley must be dismissed.

**C.   Count II of Plaintiff's Complaint (Plaintiff's *Monell* claim against Defendants GWHCF and Community Education Centers, Inc.) is insufficiently specific.**

1.   *Legal Standard for a Motion for More Definite Statement Pursuant to F.R.C.P. 12(e):*

Federal Rule of Civil Procedure 12(e) provides in pertinent part:

> If a pleading to which a responsive pleading is permitted is so

---

[1] Ms. Dixon received incorrect information from the human resources department regarding Mr. Tally's employment status.

> vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading...

Federal Rule of Civil Procedure 8(a) states in relevant part...

> "a pleading which sets forth a claim for relief...shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...(2) a short and plain statement of the claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

Count II of Plaintiff's Complaint is so ambiguous that the Defendants cannot adequately file an appropriate response. Defendants have been forced to guess what claims are being brought against them and who is responsible for the alleged actions or inactions claimed by the Plaintiff.

Defendants merely request that the Plaintiff file an amended complaint consistent with Federal Rule of Civil Procedure 8(a) which concisely and clearly states what the specific claims are, who the particular Defendants are with respect to each claim, what actions or inactions of the Defendants caused the Plaintiff harm and, the harm, if any, which resulted to the Plaintiff as a result of the Defendants' actions or inactions.

Defendants simply cannot sufficiently respond to the Plaintiff's Complaint in its instant state.

### III.  CONCLUSION

Accordingly, for the reasons stated above, moving Defendants respectfully requests that this Honorable Court grant the within Motion and enter an Order in the form attached.

Respectfully submitted:

              **DiORIO & SERENI   LLP**
      **By:**   <u>  RMD   2563     </u>
              **ROBERT M. DIORIO**
              I.D. No.: 17838

              <u>  **KM 1316**      </u>
              **KATHLEEN E. MAHONEY**
              I.D. No. 77873
              Front & Plum Streets
              P.O. Box 1789
              Media, PA 19063
              (610) 565-5700

**Date: July 13, 2010**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUBEN MALDONADO** : | |
| : | |
| : | NO.: 10-2630 - JHS |
| : | |
| v.  : | **JURY TRIAL** |
| : | **DEMANDED** |
| : | |
| **GEORGE W. HILL CORRECTIONAL FACILITY, et al.** : | |

### CERTIFICATE OF SERVICE

      We, Robert M. DiOrio and Kathleen E. Mahoney, attorneys for Defendants, hereby certify that a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint and accompanying Memorandum of Law was filed electronically via the Court's ECF system on the date below and is available for viewing and download by all counsel of record.

Date: July 13, 2010    By**:**    /s/ Robert M. Di Orio,
                                **ROBERT M. DIORIO, ESQ.**
                                Attorney I.D. No.: 17838

                                /s/ Kathleen E. Mahoney
                                **KATHLEEN E. MAHONEY, ESQ.**
                                Attorney I.D. No.: 77873
                                21 West Front Street
                                P.O. Box 1789
                                Media, PA 19063
                                (610) 565-5700
                                (610) 891-0652 (facsimile)